UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------

|  |  |  |
|---|---|---|
| CLARK V. HAYES, | : | CASE NO. 1:20CV01247 |
| Plaintiff, | : | |
| vs. | : | ORDER |
| FEDERAL BUREAU OF PRISONS, et al., | : | |
| Defendants. | : | |

------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

This action is before the Court upon transfer from the United States District Court of the District of Columbia.[1] Plaintiff Clark Hayes is a federal prisoner incarcerated at Federal Correctional Institution, Elkton ("FCI Elkton") and requires the use of a wheelchair. In his amended complaint,[2] Plaintiff seeks a declaration from the Court that defendants Federal Bureau of Prisons ("BOP") and Warden Williams (collectively, "Defendants") violated various federal laws, regulations, and procedures with respect to Plaintiff's ability to utilize his wheelchair at FCI Elkton, overcrowding, and the functionality of the BOP's administrative remedy program.

Multiple motions are pending, including the Defendants' Fed. R. Civ. P. Rule 12 motion to dismiss the amended complaint on multiple grounds. Defendants argue this action is moot and should be dismissed for lack of subject matter jurisdiction[3] because Plaintiff has been transferred to home confinement and is scheduled to be released on

---

[1] Doc. 14.
[2] Doc. 8.
[3] Doc. 20. Defendant also argues in the motion that this case should be dismissed for insufficient service of process and Plaintiff's failure to exhaust his administrative remedies.

Case No. 1:20CV01247
Gwin, J.

August 2, 2020.[4] Plaintiff seeks a thirty (30) say extension of time to respond to Defendant's motion to dismiss.[5]

Also pending is Plaintiff's motion for joinder of parties or, alternatively, for class certification.[6] In Plaintiff's motion, he identifies two cases in the Northern District of Ohio also challenging overcrowding and FCI Elkton's "dysfunctional" administrative remedy program.[7] Plaintiff maintains those cases should be combined with the instant action in the interest of judicial economy. Alternatively, Plaintiff asks the Court to take judicial notice of numerous inmates frustrated with overcrowding at FCI Elkton and a dysfunctional administrative remedy program[8] and attaches a list of potential class members.[9] Defendants have opposed the motion.[10]

When the Court's subject matter jurisdiction is challenged on a motion to dismiss it is Plaintiff's burden to prove the existence of subject matter jurisdiction. *See Rogers v. Stratton Indus.*, 798 F.2d 913, 915 (6th Cir. 1986). No later than September 11, 2020, Plaintiff shall respond Defendants' argument that this case is moot and should be dismissed for lack of subject matter jurisdiction and reply to Defendants' opposition to Plaintiff's motion for joinder or class certification. Any reply/sur-reply by Defendants must be file by September 25, 2020.

---

[4] BOP's inmate locator indicates that Plaintiff was released on July 31, 2020. *See* https://www.bop.gov/inmateloc/.
[5] *See* Doc. 22 at 5.
[6] Doc. 22.
[7] Plaintiff identifies NDOH case numbers 4:19-cv-2676 and 4:19-cv-2308. Case No. 4:19-cv-2676 is pending. Case No. 4:19-cv-2308 was dismissed on February 12, 2020 for lack of subject matter jurisdiction after the plaintiff in that action notified the court that he was no longer incarcerated by the BOP, thus rendering his lawsuit moot. *See* Case No. 4:19-cv-2308, Doc. 8.
[8] Doc. 22-1.
[9] Doc. 22-2.
[10] Doc. 24.

Case No. 1:20CV01247
Gwin, J.

IT IS SO ORDERED.

Dated: August 18, 2020　　　　　　　　　*s/ James S. Gwin*
　　　　　　　　　　　　　　　　　　　　JAMES S. GWIN
　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE