UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------
:
CLARK V. HAYES, : CASE NO. 1:20 CV 01247
:
Plaintiff, :
:
vs. : ORDER
:
FEDERAL BUREAU OF PRISONS, et al. :
:
Defendants. :
:
------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Before the Court is the motion to dismiss filed by Defendants Federal Bureau of Prisons ("BOP") and Warden Mark Williams ("Warden Williams") pursuant to Fed. R. Civ. P. 12(b)(1) (lack of subject matter jurisdiction), 12(b)(6) (failure to state a claim), and 12(b)(5) (insufficient service of process).[1] *Pro se* plaintiff Clark V. Hayes filed his opposition and Defendants filed their reply.[2] For the reasons stated herein, Defendants' motion is granted.

## I. Background

Hayes filed this action against the BOP and Warden Williams while incarcerated in FCI Elkton ("Elkton").[3] In his Amended Complaint, Plaintiff challenged the housing conditions at Elkton. Specifically, Hayes, who requires the use of a wheelchair, asserted that the cubicle to which he had been assigned at Elkton was not large enough to house three inmates, and because of the crowded space, he was unable to get his wheelchair into the cubicle and move around.[4] Plaintiff claimed that the "over-crowded . . . bunk living arrangement" violated BOP Program Statement 1060.11 and the Architectural Barriers Act, 42 U.S.C. § 4152, et seq., and the raised

---

[1] Doc. No. 20
[2] Doc. Nos. 26 and 29, respectively.
[3] Doc. No. 1 and Doc. No. 8.
[4] Doc. No. 8 at PageID ## 85, 88.

Case No. 1:20CV01247
Gwin, J.

thresholds prevented him from maneuvering his wheelchair through doorways, in violation of the Architectural Barriers Act and the U.S. Access Board standards.[5] Plaintiff also claimed that he pursued his administrative remedies, but BOP staff have failed to respond to his attempts and therefore he has exhausted his available remedies.[6]

Plaintiff seeks declaratory and injunctive relief as follows: (1) judgment requiring the BOP provide adequate housing in accordance with the Rehabilitation Act, 29 U.S.C. § 794, et seq.; (2) judgment declaring the BOP is obligated to follow the Architectural Barriers Act and requiring the BOP to assign all inmates with similar mobility issues to cubicles having adequate space for the inmate and his wheelchair; and (3) judgment declaring the BOP must adhere to the U.S. Access Board Standards and the BOP Program Statements, specifically as they relate to inmate housing and doorway thresholds.

On July 8, 2020, Defendants filed a Fed. R. Civ. Rule 12 motion to dismiss Hayes's amended complaint on multiple grounds, including that the action is moot and should be dismissed because Plaintiff left Elkton on January 30, 2020, for a residential re-entry facility, had been transferred to home confinement on April 13, 2020, and was scheduled to be released on August 2, 2020. In fact, the BOP's inmate locator, of which we take judicial notice, indicates that Plaintiff was released on July 31, 2020.[7]

On July 31, 2020, Plaintiff filed a motion for joinder of parties or in the alternative a motion for class certification, which Defendants opposed. On August 18, 2020, this Court ordered Plaintiff to respond to Defendants' motion to dismiss and to reply to Defendants' opposition to Plaintiff's motion for joinder of parties or class certification. And on September

---

[5] *Id.* at PageID ## 89-91.
[6] *Id.* at PageID # 85.
[7] *See* https://www.bop.gov/inmateloc/.

-2-

Case No. 1:20CV01247
Gwin, J.

11, 2020, Plaintiff filed his opposition to the motion to dismiss, essentially claiming that because he is on supervised release, he would automatically return to Elkton to complete his sentence should he commit any violations of his supervised released, and therefore, his claims are not moot because they are "capable of repetition, yet evading review." [8] Plaintiff also responded to Defendants' opposition to Plaintiff's motion for joinder or class certification.[9]

## II. Standard of Review

### A. Subject Matter Jurisdiction

When a party files a motion to dismiss for lack of subject matter jurisdiction under Fed. R. Civ. P.12(b)(1) in conjunction with other Rule 12 motions, the court generally considers the Rule 12(b)(1) motion first.[10] The plaintiff bears the burden of proving that this court has jurisdiction over his claims.[11]

Rule 12(b)(1) allows dismissal if there is a "lack of jurisdiction over the subject matter." Rule 12(b)(1) motions to dismiss for lack of subject matter jurisdiction are categorized as facial attacks or factual attacks.[12] A facial attack challenges the sufficiency of the pleading itself, and the Court accepts the material allegations in the complaint as true and construes them in the light most favorable to the nonmoving party.[13] A factual attack, however, challenges the actual fact of the Court's jurisdiction, and in that case, the truthfulness of the complaint is not presumed.[14]

---

[8] Doc. No. 26 at PageID #89.
[9] Doc. No. 27.
[10] *See Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 430-31, 127 S. Ct. 1184, 167 L. Ed. 2d 15 (2007) ("[A] federal court generally may not rule on the merits of a case without first determining that it has jurisdiction[.]").
[11] *Kiser v. Reitz*, 765 F.3d 601, 607 (6th Cir. 2014).
[12] Fed. R. Civ. P. 12(b)(1); *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994).
[13] *Id.*
[14] *Id.*

-3-

Case No. 1:20CV01247
Gwin, J.

### B. Mootness

Under Article III of the United States Constitution, federal courts may adjudicate only actual, ongoing cases or controversies.[15] To invoke federal jurisdiction, a plaintiff must show a "personal stake" in the outcome of the action.[16] "This requirement assures that the federal judiciary confines itself to its constitutionally-limited role of adjudicating actual and concrete disputes, the resolutions of which have direct consequences on the parties involved." [17] A case that becomes moot at any point during the proceedings "'is no longer a 'case' or 'controversy' for purposes of Article III and is outside the jurisdiction of the federal courts.'"[18]

### III. Law and Analysis

Here, Plaintiff alleges that his claims for declaratory and injunctive relief are not moot and this court has jurisdiction over his claims. Plaintiff does not dispute that he is no longer incarcerated at Elkton and he in fact concedes he is presently on supervised release.[19] He contends, however, that if he were to violate his supervised release, he would "automatically return" to Elkton to serve a three-year sentence, where his issues concerning conditions of confinement would persist.[20] Plaintiff contends that his claims are "absolutely capable of repetition yet evading review."[21]

It is well established that an inmate's request for declaratory and injunctive relief is moot upon his transfer to a different facility.[22] In the context of a former prisoner, "'[o]nce the convict's sentence has expired . . . some concrete and continuing injury other than the now-ended

---

[15] *Wilson v. Gordon*, 822 F.3d 934, 941 (6th Cir. 2016).
[16] *United States v. Sanchez-Gomez*, 138 S.Ct. 1532, 1537, 200 L. Ed. 2d 792 (2018).
[17] *Id.*
[18] *Id.* (quoting *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91, 133 S. Ct. 721, 184 L. Ed. 2d 553 (2013)).
[19] Doc. No. 26 at PageID # 88.
[20] *Id.* at PageID ## 89-90.
[21] *Id.*
[22] *See Parks v. Reans*, 510 F. App'x 414, 415 (6th Cir. 2013) (citing *Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996)).

-4-

Case No. 1:20CV01247
Gwin, J.

incarceration or parole—some 'collateral consequence' of the conviction—must exist if the suit is to be maintained.'"[23] The case or controversy clause of Article III "demands . . . the continued existence of a remediable injury at all stages of review."[24] And the harm a former prisoner could face in a future revocation hearing is too speculative to keep his controversy alive.[25]

Here, Plaintiff does not identify any existing collateral consequences or continuing harm. The mere possibility of reoffending, being convicted, and being reincarcerated at Elkton is too speculative to keep the controversy alive.

Moreover, Plaintiff's claims do not fall within the exception to the mootness doctrine. An exception to this rule exists for claims that are "capable of repetition, yet evading review." [26] This exception is limited to situations "where the following two circumstances [are] simultaneously present: '(1) the challenged action [is] in its duration too short to be fully litigated prior to cessation or expiration, and (2) there [is] a reasonable expectation that the same complaining party [will] be subject to the same action again.'"[27] This type of situation is extremely limited.[28] And the party asserting the exception bears the burden of proof.[29] Plaintiff has not demonstrated that there is a reasonable likelihood that he will be incarcerated at Elkton and once again be subjected to the same conditions of which he initially complained concerning the inability to use his wheelchair in

---

[23] *Witzke v. Brewer*, 849 F.3d 338, 341, (6th Cir. 2017) (quoting *Spencer v. Kemna*, 523 U.S. 1, 7, 118 S. Ct. 978, 140 L. Ed. 2d 43 (1998)).
[24] *Id.*
[25] *Spencer* at 14 (stating that it is "a possibility rather than a certainty or even a probability"); *Lane v. Williams*, 455 U.S. 624, 71 L. Ed. 2d 508, 102 S. Ct. 1322 (1982) (rejecting the contention of convicted felons who had completed their sentences that their challenges to their sentences of three years' mandatory parole at the conclusion of their fixed terms of incarceration (which parole they had violated) were not moot because the revocations of parole could be used to their detriment in future parole proceedings should they ever be convicted of other crimes); *O'Shea v. Littleton*, 414 U.S. 488, 497, 38 L. Ed. 2d 674, 94 S. Ct. 669 (1974)(finding the case-or-controversy requirement not satisfied by general assertions or inferences that the individuals will be prosecuted for violating the law, because courts assume individuals will follow the law and avoid prosecution).
[26] *Spencer* at 17-18.
[27] *Id.* (quoting *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 481, 110 S. Ct. 1249, 108 L. Ed. 2d 400 (1990)).
[28] *Los Angeles v. Lyons*, 461 U.S. 95, 109, 75 L. Ed. 2d 675, 103 S. Ct. 1660 (1983).
[29] *Barry v. Lyon*, 834 F.3d 706, 715 (6th Cir. 2016).

Case No. 1:20CV01247
Gwin, J.

the housing units at Elkton. Plaintiff therefore cannot establish that his claim is "capable of repetition, yet evading reviewing."[30]

Finally, to the extent Plaintiff argues that his attempt to certify his claims as a class action prevents mootness, that argument also fails. In class actions, Article III mootness is "flexible."[31] Generally, once a class is certified, the mooting of the named plaintiff's claim does not moot the action, and the court continues to have jurisdiction to hear the merits of the action if a controversy exists between any class member and the defendant.[32] When the named plaintiff's claim becomes moot before a class is certified, however, dismissal of the action is required.[33] Plaintiff was released from Elkton on January 30, 2020, and he was released from his sentence on July 31, 2020. He moved for class certification for the first time on July 31, 2020. Dismissal of Plaintiff's action is therefore required.

Accordingly, Defendants' motion to dismiss Plaintiff's claims pursuant to Fed. R. Civ. P. 12(b)(1) is hereby granted.

IT IS SO ORDERED.

Dated: December 3, 2020          *s/ James S. Gwin*
                                                         JAMES S. GWIN
                                                         UNITED STATES DISTRICT JUDGE

---

[30] *Spencer* at 17-18.

[31] *Wilson*, 822 F.3d at 942.
[32] *Id.*
[33] *Id.*